UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE ROYAL ALICE PROPERTIES,
LLC, ET AL.

CIVIL ACTION

NO. 22-4165

SECTION "R" (5)

## ORDER AND REASONS

Before the Court is Arrowhead Capital Finance, Ltd.'s ("Arrowhead") motion to dismiss the appeal of Picture Pro, LLC ("Picture Pro") as untimely.[1] Picture Pro opposes the motion.[2] For the following reasons, the Court grants the motion in part and denies it in part.

## I.     BACKGROUND

This appeal arises out of proceedings in the United States Bankruptcy Court for the Eastern District of Louisiana.  On August 29, 2019, Royal Alice Properties, LLC (the "Debtor"), a limited liability company solely owned and managed by Susan Hoffman, filed a voluntary petition for bankruptcy relief under chapter 11 of the Bankruptcy Code.[3]  The Debtor owned three parcels

---

[1]     R. Doc. 2.    Except where otherwise indicated, record citations correspond to the civil case before this Court, *i.e.*, Case No. 22-cv-4165.

[2]     R. Doc. 4.

[3]     *In re Royal Alice Props., LLC*, No. 19-bk-12337, R. Doc. 1 (Chapter 11 Voluntary Bankruptcy Petition).

of real property on Royal Street in New Orleans, which secured a loan obligation.[4]   When the Debtor filed for bankruptcy, its properties were occupied by Picture Pro and Royal Street Bistro, LLC ("RSB"), which used the properties for business purposes, and by Susan Hoffman, who resided there.  *In re Royal Alice Props., LLC*, 637 B.R. 465, 474 (Bankr. E.D. La. 2021).

The bankruptcy court later ordered the appointment of a Chapter 11 trustee because Hoffman and her husband had "operate[d] the Debtor for their own benefit, rather than that of the creditors." *In re Royal Alice Props., LLC*, No. 19-12337, 2020 WL 5357795, at 10 (Bankr. E.D. La., Sept. 4, 2020). The bankruptcy court noted, among other issues, that Hoffman had "never consistently collected rent from insiders post-petition, forcing the Debtor to operate in the red throughout this case," and that the Debtor maintained "improper accounting practices."   *Id.* at 6.   Dwayne M. Murray (the "Trustee") was then appointed trustee for the bankruptcy estate of the Debtor.  The Trustee has litigated on behalf of the bankruptcy estate since that time.

On April 13, 2020, Arrowhead—an alleged creditor—initiated a separate adversary proceeding in the bankruptcy court against the Debtor

---

[4]     *Id.*

(the "Arrowhead Adversary Proceeding" or "AAP").[5]  Arrowhead alleged that the Debtor was liable under alter-ego and/or single-business enterprise theories, among other theories of liability, for the unsatisfied obligations of several of the Debtor's purported affiliates against which Arrowhead had obtained judgments.[6]  On April 21, 2021, the Trustee filed a motion for summary judgment in the Arrowhead Adversary Proceeding, which the bankruptcy court granted on September 23, 2021.[7]  Arrowhead then filed a motion for reconsideration, which was denied, and subsequently filed a notice of appeal.[8]

On August 30, 2022, while Arrowhead's appeal was pending, the Trustee filed a motion for approval of settlement of the Arrowhead Adversary Proceeding pursuant to Fed. R. Bankr. P. 9019.[9]  The proposed agreement provided that the Trustee would assign to Arrowhead certain claims that the Debtor had asserted against Picture Pro in a separate adversary proceeding (the "Picture Pro Adversary Proceeding" or the "PPAP") for allegedly unpaid

---

[5]    *In re Royal Alice Props., LLC*, No. 20-ap-1022, R. Doc. 1 (Arrowhead's Complaint).

[6]    *In re Royal Alice Props., LLC*, No. 20-ap-1022, R. Doc. 198 at 1 (Bankruptcy Memorandum Opinion and Order).

[7]    *Id.*

[8]    *In re Royal Alice Props., LLC*, No. 20-ap-1022, R. Docs. 202, 216 & 219.

[9]    *In re Royal Alice Props., LLC*, No. 19-bk-12337, R. Doc. 698.

rent.[10]  In exchange, Arrowhead agreed to dismiss its appeal in the AAP and

compromise its claims against the Trustee.[11]  Picture Pro opposed the motion

and, on September 14, 2022, filed a motion for redemption of litigious rights

under La. Civ. Code art. 2652 in the Picture Pro Adversary Proceeding.[12]

Picture Pro sought to redeem the rent claims that the Trustee had asserted

against Picture Pro, which the Trustee had assigned to Arrowhead.[13]  Picture

Pro contended that because Arrowhead had merely agreed to dismiss its

purportedly frivolous appeal in exchange for the Trustee's claims against

Picture Pro, Picture Pro was able to redeem the litigious rights without

paying Arrowhead any monetary sum.[14]

On September 21, 2022, the bankruptcy court approved the Trustee's

Rule 9019 motion and approved the settlement between the Trustee and

Arrowhead.[15]  The court found that the settlement was fair and in the best

interest of the estate, in large part because the Trustee was receiving the

---

[10]    *Id.*

[11]    *Id.*

[12]    *In re Royal Alice Props., LLC*, No. 21-ap-1033, R. Doc. 29.

[13]    *Id.*  Article 2652 provides, in relevant part, that "[w]hen a litigious right
       is assigned, the debtor may extinguish his obligation by paying to the
       assignee the price the assignee paid for the assignment, with interest
       from the time of the assignment."

[14]    *Id.*

[15]    *In re Royal Alice Props., LLC*, No. 19-bk-12337, R. Doc. 713.

benefit of not having to expend further estate funds on the AAP.[16]  Then, on October 13, 2022, the bankruptcy court denied Picture Pro's motion for redemption of litigious rights on the bases that the motion was moot due to the court's September 21 order approving the 9019 motion, or in the alternative, because the Trustee had received value in exchange for its assignment of claims against Picture Pro.[17]  Picture Pro filed this appeal, seeking appellate review of the bankruptcy court's October 13, 2022, order as well as the September 21 order, but "only to the extent that [the September 21 order] denied the Redemption Motion."[18]

On November 9, 2022, Arrowhead filed a motion to dismiss Picture Pro's appeal as untimely, asserting that appellant improperly filed its notice after the 14-day window required by Fed. R. Bankr. P. 8002(a)(1) had lapsed.[19]  Picture Pro opposes Arrowhead's motion.[20]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

---

[16]     *Id.*
[17]     *In re Royal Alice Props., LLC*, No. 21-ap-1033, R. Doc. 43.
[18]     R. Doc. 1 ¶ 4 (Notice of Appeal).
[19]     R. Doc. 2.
[20]     R. Doc. 4.

Federal district courts have jurisdiction to hear appeals from the final judgments of bankruptcy courts.  *See* 28 U.S.C. § 158(a)(1); *In re Berman-Smith*, 737 F.3d 997, 1000 (5th Cir. 2013).  Under 28 U.S.C. § 158(c)(2), such appeals are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."  Rule 8002 provides that, in general, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a)(1).

Rule 8002 provides for several exceptions to its 14-day deadline.  For example, the deadline may be tolled when a party timely files a specified type of motion.[21]  Fed. R. Bankr. P. 8002(b). Additionally, a party may move for an extension to file its notice of appeal within the 14-day deadline, or within 21 days after the deadline expires "if the party shows excusable neglect."  Fed. R. Bankr. P. 8002(d)(1)(A)-(B). When a party fails to comply with the requirements of Rule 8002, a district court lacks jurisdiction over the appeal.  *In re Berman-Smith*, 737 F.3d at 1000.

---

[21]  The 14-day deadline may be tolled when a party files a motion: (1) to amend or make additional findings under Rule 7052, (2) to alter or amend the judgment under Rule 9023, (3) for a new trial under Rule 9023, and (4) for relief under Rule 9024.  Fed. R. Bankr. P. 8002(b).

## III.  DISCUSSION

Arrowhead's argument is straightforward.  It contends that Picture Pro's appeal must be dismissed because Federal Rule of Bankruptcy Procedure 8002(a)(1) requires that notices of appeal must be filed  within 14 days of the entry of the order being appealed.  *See* Fed. R. Bankr. P. 8002(a)(1).  Here, Picture Pro filed its notice of appeal on October 21, 2022, more than 14 days after the September 21 order.  While the time for filing a notice of appeal may be extended upon a party's filing the requisite motion for an extension, Picture Pro filed no such motion.  *See* Fed. R. Bankr. 8002(d).  Arrowhead further contends that even if Picture Pro had filed a motion, an extension would be improper as Fed. R. Bankr. P. 8002(d)(2)(B) specifies that the time to file a notice of appeal may not be extended if the appeal is of an order approving the sale or lease of property under 11 U.S.C. § 363.[22]  Lastly, Picture Pro did not file a motion for reconsideration or other similar motions that could practically "reset" the 14-day window provided by Rule 8002.  *See* Fed. R. Bankr. 8002(b)(1).  Therefore, Arrowhead seeks dismissal of Picture Pro's appeal as untimely.  Although Arrowhead is not

---

[22]  The Court does not reach the issue of whether the settlement agreement constituted a sale under 11 U.S.C. § 363.

clear on whether it seeks dismissal of Picture Pro's appeal as to the October 13, 2022 order as well, the Court will construe the motion as one to dismiss the entire appeal because of the broad language used by Arrowhead in its motion.

Picture Pro offers several arguments in opposition.  First, Picture Pro contends that Arrowhead's counsel improperly filed the motion on behalf of the Trustee, which Arrowhead's counsel has not represented in this matter and could not represent because Arrowhead and the Trustee are adverse.[23] This is patently incorrect.  Arrowhead's motion and all of its related filings in this appeal make clear that counsel is representing Arrowhead and that the filings are made on behalf of Arrowhead.[24]

Picture Pro's next argument in opposition is that its appeal is timely because, when an appellant seeks to appeal "related" orders, Rule 8002 supposedly requires that the 14-day window for a notice of appeal must run from the date of the last related order.[25]  Picture Pro's reliance on Rule 8002 is misplaced, as is its interpretation of the Rule's text.  The portion of the Rule that Picture Pro relies on states:

> If a party intends to challenge an order disposing of any motion listed in subdivision (b)(1)—or the alteration or amendment of a

---

[23]    R. Doc. 4 at 2.
[24]    *See, e.g.*, R. Doc. 2.
[25]    R. Doc. 4 at 2-4.

judgment, order, or decree upon the motion—the party must file
a notice of appeal or an amended notice of appeal. The notice or
amended notice must comply with Rule 8003 or 8004 and be
filed within the time prescribed by this rule, measured from the
entry of the order disposing of the last such remaining motion.

Fed. R. Bank. P. 8002(b)(3).   Picture Pro suggests that the last sentence

means that when an appellant seeks to appeal related orders, the time to file

an appeal is measured from the latest of the orders sought to be appealed.[26]

Its argument fails for several reasons.

First, the Rule specifies that it applies to motions "listed in subdivision

b(1)." *Id.* That provision includes motions:

(A) to amend or make additional findings under Rule 7052,
whether or not granting the motion would alter the judgment;

(B) to alter or amend the judgment under Rule 9023;

(C) for a new trial under Rule 9023; or

(D) for relief under Rule 9024 if the motion is filed within 14 days
after the judgment is entered.

Fed. R. Bankr. P. 8001(b)(1).   Picture Pro's motion to redeem litigious rights

under La. Civ. Code art. 2652 does not fall under any of those categories, and

Picture Pro filed none of the above-listed motions.   Further, Picture Pro cites

no authorities suggesting its proffered reading of Rule 8002, which the Court

finds is not supported by the text.   Picture Pro thus entirely fails to explain

---

[26]   *Id.*

how Rule 8002 says what Picture Pro claims it does.  In sum, nothing in the language of the Rule 8002 states that an appeal may be resuscitated by a later order that is merely "related" to the prior order, and the Court has found no binding authorities holding that Picture Pro's proffered interpretation is correct.

Picture Pro's argument also must fail, given the language of Rule 8002, which speaks in terms of orders "disposing of" motions.  Fed. R. Bankr. P. 8002(b)(1).  The September 21, 2022 order did not "dispose of" Picture Pro's motion for litigious rights, foreclosing Picture Pro's argument that Rule 8002(b)(3) allows it to appeal the order after the 14-day window.  It was not until after the bankruptcy court approved the settlement between the Trustee and Arrowhead that Picture Pro's motion became ripe, as no litigious rights were "assigned" until the settlement was finalized.

Lastly, Picture Pro contends that because the September 21, 2022 order settled the dispute between Arrowhead and the Trustee, the bankruptcy court was required to enter a judgment pursuant to Fed. R. Bank. P. 7058 and Fed. R. Civ. P. 58.  Picture Pro concludes that the period to file an appeal has not yet started to run due to the lack of such a judgment.[27]  This is plainly false, as the bankruptcy court entered a judgment dismissing

---

[27]    R. Doc. 4 at 3.

Arrowhead's complaint on September 26, 2021.[28]  Further, Picture Pro does not explain how the failure to docket a final judgment would extend the time to appeal an *order*, which is based on the date the order is entered.  *See* Fed. R. Bankr. P. 8002(a)(1) ("a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the . . .order . . . being appealed").  Accordingly, the appeal of the September 21, 2022 order is untimely, and the Court must therefore dismiss it.  *In re Berman-Smith*, 737 F.3d at 1000.  The Court thus grants Arrowhead's motion to dismiss the appeal to the extent that Picture Pro seeks to appeal the September 21, 2022 order.[29]

But Picture Pro's appeal is timely as to its appeal of the October 13, 2022 order.  Though it appears Arrowhead may have sought only dismissal for untimeliness as to the September 21 order, given the focus of its arguments, the Court will nonetheless address the October 13, 2022 order because Arrowhead's motion could be construed as seeking dismissal of the entire appeal.  In its briefing, Arrowhead fails to explain why the appeal is untimely as to the October 13, 2022 order when the notice of appeal was filed on October 21, 2022.  And, Arrowhead's contentions about Fed. R. Bankr. P.

---

[28]  *See In re Royal Alice Props., LLC*, No. 20-ap-1022, R. Doc. 200.

[29]  Because Picture Pro's argument misconstrues the applicable bankruptcy rules and fails on its own terms, the Court need not address Arrowhead's contentions regarding whether the appeal of the September 21, 2022 order is moot under Rule 8002(d).

8002(d)(2)(B) are inapplicable to the October 13 order as well, because the notice of appeal was clearly filed within the 14-day window provided by Rule 8002.  Accordingly, the Court denies the motion to the extent Arrowhead seeks to  dismiss Picture Pro's appeal of the bankruptcy court's October 13, 2022 order.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Trustee's motion to dismiss the appeal IN PART and DENIES the motion IN PART.  The motion is GRANTED as to Picture Pro's appeal of the bankruptcy court's September 21, 2022 order.  The motion is DENIED as to Picture Pro's appeal of the bankruptcy court's October 13, 2022 order.

New Orleans, Louisiana, this   26th   day of May, 2023.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

12