UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE ROYAL ALICE PROPERTIES, LLC, ET AL. | CIVIL ACTION<br><br>NO. 22-4165<br><br>SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is appellee Arrowhead Capital Finance, Ltd.'s ("Arrowhead") motion for sanctions under Fed. R. Bankr. P. 8020(a).[1] Picture Pro, LLC ("Picture Pro") opposes Arrowhead's motion. For the following reasons, the Court denies Arrowhead's motion.

## I. BACKGROUND

This appeal arises out of proceedings in the United States Bankruptcy Court for the Eastern District of Louisiana. On August 29, 2019, Royal Alice Properties, LLC (the "Debtor"), a limited liability company solely owned and managed by Susan Hoffman, filed a voluntary petition for bankruptcy relief under chapter 11 of the Bankruptcy Code.[2] The Debtor owned three parcels of real property on Royal Street in New Orleans, which secured a loan

---

[1] R. Doc. 18.
[2] *In re Royal Alice Props., LLC*, No. 19-bk-12337, R. Doc. 1 (Chapter 11 Voluntary Bankruptcy Petition).

obligation.³ When the Debtor filed for bankruptcy relief, its properties were occupied by Picture Pro and Royal Street Bistro, LLC ("RSB"), which used the properties for business purposes, and by Susan Hoffman, who resided there. *In re Royal Alice Props., LLC*, 637 B.R. 465, 474 (Bankr. E.D. La. 2021).

The bankruptcy court ordered the appointment of a Chapter 11 trustee because Hoffman and her husband had "operate[d] the Debtor for their own benefit, rather than that of the creditors." *In re Royal Alice Props., LLC*, No. 19-12337, 2020 WL 5357795, at 10 (Bankr. E.D. La., Sept. 4, 2020). The bankruptcy court noted, among other issues, that Hoffman had "never consistently collected rent from insiders post-petition, forcing the Debtor to operate in the red throughout this case," and that the Debtor maintained "improper accounting practices." *Id.* at 6. The Trustee has litigated on behalf of the bankruptcy estate since that time.

On April 13, 2020, Arrowhead—an alleged creditor—filed an adversary proceeding in the bankruptcy court against the Debtor (the "Arrowhead Adversary Proceeding" or "AAP").⁴ Arrowhead alleged that the Debtor was liable under alter-ego and/or single-business enterprise theories, among

---

3   *Id.*
4   *In re Royal Alice Props., LLC*, No. 20-ap-1022, R. Doc. 1 (Arrowhead's Complaint).

other theories of liability, for the unsatisfied obligations of several of the Debtor's purported affiliates against which Arrowhead had obtained judgments.[5]  On April 21, 2021, the Trustee filed a motion for summary judgment in the Arrowhead Adversary Proceeding, which the bankruptcy court granted on September 23, 2021.[6]  Arrowhead then filed a motion for reconsideration, which was denied, and subsequently filed a notice of appeal.[7]

On August 30, 2022, while Arrowhead's appeal was pending, the Trustee filed a motion for approval of the settlement of the Arrowhead Adversary Proceeding under Fed. R. Bankr. P. 9019.[8]  The agreement provided that the Trustee would assign to Arrowhead certain claims that the Debtor had asserted against Picture Pro in a different adversary proceeding (the "Picture Pro Adversary Proceeding" or the "PPAP") for allegedly unpaid rent.[9]  In exchange, Arrowhead agreed to dismiss its appeal in the AAP and compromise its claims against the Trustee.[10]  Picture Pro opposed the motion

---

[5]   *In re Royal Alice Props., LLC*, No. 20-ap-1022, R. Doc. 198 at 1 (Bankruptcy Memorandum Opinion and Order).
[6]   *Id.*
[7]   *In re Royal Alice Props., LLC*, No. 20-ap-1022, R. Docs. 202, 216 & 219.
[8]   *In re Royal Alice Props., LLC*, No. 19-bk-12337, R. Doc. 698.
[9]   *Id.*
[10]  *Id.*

and, on September 14, 2022, filed a motion for redemption of litigious rights under La. Civ. Code art. 2652 in the Picture Pro Adversary Proceeding.[11] Picture Pro sought to redeem the rent claims that the Trustee had asserted against Picture Pro, which the Trustee assigned to Arrowhead.[12] Picture Pro contended that because Arrowhead had merely agreed to dismiss its appeal in exchange for the Trustee's claims against Picture Pro, Picture Pro was able to redeem the litigious rights without paying Arrowhead anything.[13]

On September 21, 2022, the bankruptcy court approved the Trustee's Rule 9019 motion and approved the settlement between the Trustee and Arrowhead.[14] The court found that the settlement was fair and in the best interest of the estate, in large part because the Trustee was receiving the benefit of not having to expend further estate funds on the AAP.[15] Then, on October 13, 2022, the bankruptcy court denied Picture Pro's motion for redemption of litigious rights on the bases that the motion was moot due to the court's September 21 order approving the 9019 motion, or in the

---

[11] *In re Royal Alice Props., LLC*, No. 21-ap-1033, R. Doc. 29.
[12] *Id.* Article 2652 provides, in relevant part, that "[w]hen a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment."
[13] *Id.*
[14] *In re Royal Alice Props., LLC*, No. 19-bk-12337, R. Doc. 713.
[15] *Id.*

4

alternative, because the Trustee had received value in exchange for its assignment of claims against Picture Pro.[16] Picture Pro appealed to this Court on October 21, 2022, seeking review of the bankruptcy court's October 13, 2022, order as well as the September 21 order, but "only to the extent that [the September 21 order] denied the Redemption Motion."[17]

On May 26, 2023, the Court partially granted Arrowhead's motion to dismiss Picture Pro's appeal as untimely, and in a separate Order and Reasons, the Court affirmed the bankruptcy court's denial of Picture Pro's motion to redeem litigious rights.[18] Now, Arrowhead moves for sanctions under Fed. R. Bankr. P. 8020(a), contending that Picture Pro should be sanctioned for its purportedly frivolous appeal.[19] Picture Pro opposes Arrowhead's motion.[20]

The Court considers the parties' arguments below.

## II. DISCUSSION

The starting point in resolving Arrowhead's motion is the text of Federal Rule of Bankruptcy Procedure 8020(a), which states that:

---

16  *In re Royal Alice Props., LLC*, No. 21-ap-1033, R. Doc. 43.
17  R. Doc. 1 ¶ 4 (Notice of Appeal).
18  R. Docs. 25 & 26.
19  R. Doc. 18.
20  R. Doc. 20.

> If the district court or [Bankruptcy Appellate Panel] determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. Bankr. P. 8020(a).  District courts ruling on Rule 8020 motions apply the same standard of frivolousness under Rule 8020 as Federal Rule of Appellate Procedure 38.  *See Matter of Kite*, 710 F. App'x 628, 633 (5th Cir. 2018) (stating that the standard of frivolousness under Rule 38 is the same as that for a bankruptcy appellant's appeal to the district court); *see also Lewis v. Hill*, No. 10-242, 2011 WL 1299613, at *9 (E.D. Tex. Mar. 31, 2011) ("The standard used to determine whether a bankruptcy appeal is frivolous under Bankruptcy Rule 8020 is the same standard applied to determine whether an appeal is frivolous under Federal Rule of Appellate Procedure 38."); *In re Smith*, No. 21-5082, 2023 WL 2544339, at *6 (W.D. Tex. Mar. 16, 2023) (same).  With respect to Rule 38, the Fifth Circuit has "articulated a high standard for what constitutes a frivolous appeal, holding that an appeal is frivolous only 'if the result is obvious or the arguments of error are wholly without merit,' and the appeal is taken 'in the face of clear, unambiguous, dispositive holdings of this and other appellate courts.'" *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 463 n.12 (5th Cir. 2017) (quoting *Coghlan v. Starkey*, 852 F.2d 806, 811-12 (5th Cir. 1988) (per curiam)).  "This standard is rarely met, and [courts] generally only

6

order sanctions when the 'great weight of the authority . . . [is] clearly on point and [does] not favor the [sanctioned party].'" *In re Green Hills Dev. Co., LLC*, 741 F.3d 651, 660 (5th Cir. 2014) (quoting *Stevenson v. E.I. DuPont De Nemours & Co.*, 327 F.3d 400, 410 (5th Cir. 2003)). And, "[b]ecause Rule 38 'confers broad discretion on federal courts of appeals to award sanctions in any appeal the court determines to be "frivolous,"' the district courts likewise have broad discretion when determining whether to award sanctions under Rule 8020." *In re Smith*, No. 21-5082, 2023 WL 2544339, at *6 (W.D. Tex. Mar. 16, 2023) (quoting *Sun Coast Res., Inc. v. Conrad*, 958 F.3d 396, 398 (5th Cir. 2020)).

      The Court denies Arrowhead's sanctions motion. First, Arrowhead contends that Picture Pro's appeal is frivolous because it is untimely.[21] But the Court partially denied Arrowhead's motion to dismiss based on timeliness, holding that Picture Pro's appeal was timely to the extent it appealed the bankruptcy court's October 13, 2022 order denying Picture Pro's redemption motion.[22] Moreover, Picture Pro's arguments about timeliness regarding whether "related orders" may be appealed, while erroneous, were not frivolous. Picture Pro did not seek to appeal the

---

[21]     R. Doc. 18-1 at 4.
[22]     R. Doc. 25.

7

bankruptcy court's order in the face of clear, dispositive holdings by the Fifth Circuit or the Supreme Court concerning whether two "related orders" may be appealed based on the date of the oldest order.

Arrowhead also contends that the appeal was statutorily moot under 11 U.S.C. §363(m), but Picture Pro was not seeking to invalidate the actual sale of the litigious rights.[23] By relying on article 2652, Picture Pro was instead seeking to *redeem* the litigious rights after they were assigned, albeit at a "price" of zero dollars. Additionally, Arrowhead asserts that Picture Pro's appeal was frivolous for failure to show clear error by the bankruptcy court in approving the Rule 9019 settlement,[24] but that argument fails for the same reason as Arrowhead's contentions regarding mootness. Picture Pro sought to redeem litigious rights, and it appealed the September 21, 2022 order to the extent that order denied its art. 2652 motion. As the Court explained in its Order and Reasons partially granting Arrowhead's motion to dismiss, the September 21, 2022 order did not dispose of the art. 2652 motion.[25]

Further, Arrowhead argues that Picture Pro's appeal was frivolous because Picture Pro contended that Arrowhead paid nothing in exchange for

---

[23] R. Doc. 18-1 at 5.
[24] *Id.* at 6.
[25] R. Doc. 25.

8

the litigious rights assigned to it.[26] Picture Pro's argument, while lacking merit, was not frivolous, because Picture Pro cited arguably relevant Louisiana appellate case law for the proposition that no sale price was paid because the value of the rights transferred was purely "contingent." The Louisiana Supreme Court has never decided this issue or otherwise addressed redemption of litigious rights in the context presented here. The Fifth Circuit has explained that "sanctions are inappropriate if the appeal presents an issue of first impression." *Coghlan v. Starkey*, 852 F.2d 806, 812 n.8 (5th Cir. 1988). In this case, the Court found that Picture Pro's position concerning the sale price was incorrect, but it was not a careless disregard of unambiguous, binding authorities.

Arrowhead also argues that Picture Pro's appeal was frivolous under the judicial sale exception to art. 2652, but Arrowhead did not cite any binding authorities holding that this exception applied in the case of Rule 9019 settlements. Indeed, the Fifth Circuit has explicitly declined to opine on whether a Section 363 sale falls under the judicial sale exception. *See CHS, Inc. v. Plaquemines Holdings, LLC*, 735 F.3d 231, 239 (5th Cir. 2013). Further, Arrowhead contends that the Court should impose sanctions for

---

[26] R. Doc. 18-1 at 7.

9

Picture Pro's purported misrepresentations of the record.[27] But the Court will not impose sanctions for frivolousness when Picture Pro's factual characterizations at issue, some of which were legal positions, were tangential to this appeal.

Finally, the Court notes that the appeal was ultimately resolved by authorities neither party cited, none of which was a clear, unambiguous holding of the Fifth Circuit or the Louisiana Supreme Court. This matter is thus distinguishable from the type of appeals that have been found to be sanctionable. This is not a case where the appellant ignored unambiguous, controlling authorities or simply rehashed "an argument that has already been considered and denied by this district court and the Louisiana court system." *Kenneth Michael Wright, LLC v. Kite Bros., LLC*, No. 16-1713, 2017 WL 1319815, at *3 (W.D. La. Apr. 5, 2017), *aff'd sub nom. Matter of Kite*, 710 F. App'x 628 (5th Cir. 2018). While Picture Pro's appeal may not have proved meritorious, that is not the same as frivolousness. The wide discretion afforded to the Court allows it to make judgment calls regarding such distinctions. *Cf. Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019) ("But whether to sanction Kahn is a close call, so Kahn is advised that further frivolous litigation may result in substantial sanctions under Federal Rule of

---

27   *Id.* at 9.

Appellate Procedure 38 or this court's inherent authority and may include monetary sanctions and restrictions on access to federal courts."); *In re Stage Presence, Inc.*, No. 12-10525, 2019 WL 2004030, at *13 (S.D.N.Y. May 7, 2019) ("Although it may be that plaintiffs have not presented the most compelling case on appeal, the Court does not conclude that their arguments and conduct have been frivolous, unreasonable, or vexatious.'" (internal quotation marks omitted)). The Court finds that Arrowhead has not met the high bar for the imposition of sanctions. Arrowhead's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Arrowhead's Rule 8020 motion.

New Orleans, Louisiana, this __30th__ day of May, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE